Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6509 | **DATE** | 4/24/2013 |
| **CASE TITLE** | Craig v. Harrington | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's motion to alter or amend the judgment [39-1] and to proceed in forma pauperis [37-1] are denied. The clerk is directed to forward a copy of this order to the Seventh Circuit.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Petitioner has filed a Rule 59(e) motion to alter or amend the denial of his § 2254 habeas petition. Rule 59(e) motions serve a narrow purpose and must clearly establish either: (1) a manifest error of law or fact or (2) present newly discovered evidence. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. *Id.*

The Court denied Petitioner's last claim for relief, *i.e.*, that his Fourth Amendment rights were violated because he was arrested pursuant to an invalid arrest warrant, on the ground that it was procedurally defaulted because the state court found it did not meet the statutory requirements for state habeas relief. Specifically, the state court denied state habeas relief on the ground that Petitioner argued that his arrest was unconstitutional, not that the trial court lacked jurisdiction over him. 735 Ill. Comp. Stat. 5/10-124 (stating that habeas writ will only issue if the trial court lacked jurisdiction over him or some post-conviction occurrence entitles the petitioner to release). Because Craig had not demonstrated cause and prejudice or actual innocence, the Court determined that it could not review the claim. (Dkt. # 34.)

"Where, as here, a petitioner has procedurally defaulted a claim, he may obtain federal habeas relief only if he can show either cause and prejudice for the default (*i.e.*, some external obstacle prevented petitioner from presenting his claim to the state courts) or that a failure to grant him relief would result in a fundamental miscarriage of justice (*i.e.*, a claim that the constitutional deprivation probably has resulted in a conviction of one who is actually innocent)." *Gonzales v. Mize*, 565 F.3d 373, 381 (7th Cir. 2009) (citation omitted). In his motion to alter or amend, Craig contends that he sought production of the complaint supporting his arrest warrant both during his state post-conviction proceeding and the pendency of the instant § 2254 petition, but the requests were denied, thus establishing cause for his procedural default. But the denial of discovery, either by the state court or this Court, does not demonstrate that some external obstacle

| STATEMENT |
|---|

prevented Petitioner from raising the claim earlier in the state court proceedings or properly framing the claim in his state habeas petition. Accordingly, Petitioner's motion to alter or amend is denied.

Petitioner also seeks leave to appeal *in forma pauperis*. Title 28 U.S.C. § 1915(a)(2) requires that a prisoner seeking leave to appeal a civil action *in forma pauperis* "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." Petitioner has failed to submit the trust fund statement. Nevertheless, even assuming that Petitioner qualifies for pauper status, under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." An appeal taken in bad faith is "understood to mean objective frivolousness." *Thomas v. Zatecky*, --- F.3d ----, 2013 WL 952434, at *2 (7th Cir. Mar. 13, 2013). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Williams v. U.S. Postal Serv.*, 873 F.2d 1069, 1075 (7th Cir. 1989) (quotation omitted). Because the Court concludes that the result of an appeal is obvious given the procedural default and merits ruling of this Court, the Court denies Petitioner's motion to proceed *in forma pauperis* on the ground the appeal is frivolous. Petitioner may re-file his motion to proceed on appeal *in forma pauperis* with the Court of Appeals. Fed. R. App. P. 24(a)(5). The clerk is directed to forward a copy of this order to the Seventh Circuit.